UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,   Case No. 14-cr-20699

v.            Judith E. Levy
              United States District Judge

Carlos Romero-Lebron,

      Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE OR
<u>A REDUCTION OF SENTENCE [165]</u>**

Before the Court is Defendant Carlos Romero-Lebron's motion for compassionate release or a reduction of his sentence. (ECF No. 165.) For the reasons set forth below, the Court denies the motion.

**I. Background**

Defendant is 53 years old and a native of the Dominican Republic. On October 24, 2016, Defendant plead guilty to conspiracy to distribute 1 kilogram or more of heroin in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. On September 13, 2017, the Court sentenced Defendant to 120 months' imprisonment. (*Id.* at PageID.203.) He is currently incarcerated

at Federal Correctional Institution ("FCI") Allenwood Medium in White Deer, Pennsylvania. Defendant's current projected release date with good conduct time is April 19, 2024. (ECF No. 170-2, PageID.1259.)

On February 25, 2020, Defendant filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (ECF No. 80.) On July 21, 2021, Defendant filed a motion for compassionate release or reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) related to the COVID-19 pandemic. (ECF No. 129.) On May 10, 2023, the Court denied both motions. (ECF No. 163.)

On or about October 27, 2023, Defendant filed an a new pro se motion for compassionate release or a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 165.) The United States filed a response opposing the motion. (ECF No. 170.) Defendant, through appointed counsel, filed a reply. (ECF No. 173.)

II.   **Legal Standard**

Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, a motion for compassionate release or modification of a sentence may be filed the Director of the Bureau of Prisons ("BOP") or by "an imprisoned person . . . after (1) exhausting the BOP's administrative

2

process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *See United States v. Jones*, 980 F.3d 1098, 1104–05 (6th Cir. 2020) (citations omitted). In resolving compassionate release motions, courts in the Sixth Circuit apply a three-step inquiry. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *Jones*, 980 F.3d at 1101). First, "the court must 'find' that 'extraordinary and compelling reasons warrant [a sentence] reduction.'" *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). Second, the Court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission.'" *Id.* (quoting *Jones*, 980 F.3d at 1101). Third, the Court must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

With respect to the second factor, the relevant policy statement by the Sentencing Commission is found in United States Sentencing Guidelines Manual § 1B1.13. *Jones*, 980 F.3d at 1108 (citation omitted).

3

Previously, § 1B1.13 expressly applied only to a "motion of the Director of the Bureau of Prisons." U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2021). Based on this language, the Sixth Circuit concluded that "§ 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *Elias*, 984 F.3d at 519. However, the Sentencing Commission recently amended this policy statement to also apply to motions made by incarcerated individuals. *See* Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, 88 Fed. Reg. 28,254 (May 3, 2023) (effective Nov. 1, 2023); U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2023) [hereinafter U.S.S.G. § 1B1.13] ("Upon motion of the Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A) . . . ." (emphasis added)).

The now-applicable policy statement provides that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:" (1) the medical circumstances of the defendant, (2) the age of the defendant, (3) the family circumstances of the defendant, and (4) whether the defendant was a victim of abuse while in

4

custody. *See* U.S.S.G. § 1B1.13(b)(1)–(4). Under an additional catch-all provision, a court may also consider "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." *Id.* at § 1B1.13(b)(5). While rehabilitation alone does not qualify as an extraordinary or compelling reason, it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.* at § 1B1.13(d).

### III. Analysis

In his motion, Defendant contends that his serious health concerns, the need to care for his minor daughter, the declining health his 80-year-old mother, and his rehabilitation while incarcerated constitute extraordinary and compelling reasons warranting compassionate release. (*See* ECF No. 165, PageID.1225–1227, 1229–1230; *see also* ECF No. 173, PageID.1292–1295.) He also asserts that a reduction in his sentence is consistent with the § 3553(a) factors. (*See* ECF No. 165, PageID.1227–1229; ECF No. 173, PageID.1295–1298.) The government

5

responds that Defendant has not shown extraordinary and compelling reasons for compassionate release and that the § 3553(a) factors weigh against a reduction in Defendant's sentence. (*See* ECF No. 170, PageID.1246–1255.) As set forth below, the Court concludes that Defendant has not demonstrated extraordinary and compelling circumstances that warrant compassionate release or a reduction in his sentence.

### A.   Medical Circumstances

In his motion, Defendant first asserts that his "significant health concerns" support compassionate release. (*See* ECF No. 165, PageID.1223.) As relevant here, the medical circumstances of a defendant may constitute extraordinary and compelling reasons under the Sentencing Commission's policy statement when:

(B)   The defendant is—

   (i)   suffering from a serious physical or medical condition,

   (ii)   suffering from a serious functional or cognitive impairment, or

   (iii) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13(b)(1)(B)–(C).

Defendant states that he suffers from "hypertension, prediabetes, obesity, hypertrophy of [the] prostate, and asthma." (ECF No. 173, PageID.1292.) His recent medical records, from a visit to FCI Allen "Chronic Care Clinic" on June 7, 2023, indicate that Defendant is overweight and has been diagnosed with prediabetes and benign hypertrophy of the prostate ("BHP"). (*See* ECF No. 171, PageID.1263–1269.) While Defendant has previously dealt with asthma, it is considered resolved. (*Id.* at PageID.1263, 1265.) He is currently prescribed Tamsulosin HCl 0.4mg once daily to treat his BHP. (*Id.* at PageID.1266.) As relevant here, the records also indicate that Defendant "denies any mobility problems and has no history of falls less than 3 months, no secondary diagnosis to suggest a fall risk, does not use an Ambulatory Aid, has normal gait/transferring, and is oriented." (*Id.* at PageID.1267.) One of the providers' notes from the June 7th visit also

7

indicates that Defendant "[f]eels good, has no complaints" and "feels safe in his environment."[1] (*Id.* at PageID.1263.)

Based on these records, his motion, and his reply through counsel, it does not appear that any of Defendant's current health concerns "substantially diminish[] the ability of the defendant to provide self-care." *See* U.S.S.G. § 1B1.13(b)(1)(B). Likewise, nothing in the record before the Court indicates that Defendant's present conditions require specialized or long-term care that he is not being provided currently. *See id.* at § 1B1.13(b)(1)(C). Thus, the Court finds that Defendant has not demonstrated that his medical circumstances constitute extraordinary and compelling circumstances supporting compassionate release.[2]

---

[1] Defendant was also recently seen at the BOP dental clinic on August 18, 2023 related to tooth pain. (ECF No. 171, PageID.1282–1284.) Defendant was prescribed amoxicillin and ibuprofen. (*Id.* at PageID.1283.) In a return visit on September 14, 2023, he reported that the pain had resolved. (*Id.* at PageID.1280–1281.)

[2] In his motion, Defendant also asserts that his age constitutes an extraordinary and compelling circumstance. (*See* ECF No. 165, PageID.1225.) However, that argument lacks merit as Defendant is not "at least 65 years old," as required under the relevant portion of the policy statement. *See* U.S.S.G. § 1B1.13(b)(2).

### B. Family Circumstances

Next, Defendant asserts that the need to care for his minor daughter and the declining health of his elderly mother also warrant compassionate release. (*See* ECF No. 165, PageID.1223, 1225–1227; ECF No. 173, PageID.1292–1295.) The applicable portion of the Sentencing Commission's policy statement identifies the following family circumstances which may constitute extraordinary and compelling reasons:

> (A)  The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> . . . .
>
> (C)  The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

U.S.S.G. § 1B1.13(b)(3). Additionally, as noted above, the defendant may present "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in" the policy statement, "are similar in gravity to those described in" the policy statement. *Id.* at § 1B1.13(b)(5).

9

With respect to his minor daughter, Defendant explains that she is currently 13-years old, has been diagnosed with severe depression, and has previously attempted suicide. (ECF No. 165, PageID.1227.) Defendant also indicates that his daughter is currently residing in Philadelphia, Pennsylvania with her aunt and that her mother is currently "awaiting allowance back into the United States from the Dominican Republic[,] which may or may not be granted." (ECF No. 173, PageID.1295.) But Defendant does not provide evidence to substantiate his daughter's mental health diagnosis. Nor does he explain why his daughter's aunt is unable to serve as a caregiver in her mother's absence or why his adult children are unfit to act as a caregiver for his minor daughter. (*See* ECF No. 173, PageID.1295.) Further, Defendant admits that, as a noncitizen with a final order of removal, he will likely be held in immigration custody and removed to the Dominican Republic upon his release. (*See* ECF No. 173, PageID.1289, 1293; *see also* ECF No. 170-2, PageID.1259–1260.) As a result, it is unclear how Defendant could serve as a caregiver for his minor daughter in the United States if granted compassionate release.

Turning to Defendant's mother, Defendant indicates that she currently resides in the Dominican Republic, is 80 years old, is "suffering from bad health," and that "her health is declining daily." (*See* ECF No. 165, PageID.1223, 1227, 12230; ECF No. 173, PageID.1294.) Defendant also states that his mother's previous caregivers (her sister and Defendant's father) have both passed away and that he is now the only available caregiver for his mother. (*See* ECF No. 165, PageID.1227; ECF No. 173, PageID.1294.) However, Defendant fails to explain how his mother is incapacitated and does not provide any evidence to support her alleged inability to care for herself. Nor does Defendant explain why his siblings are unable to act as a caregiver for his mother.

While the Court is sympathetic to the significant challenges facing Defendant's family during his continued incarceration, he has not demonstrated that his familial circumstances constitute extraordinary and compelling circumstances supporting compassionate release.

### C. Rehabilitation

Finally, Defendant points to his successful rehabilitation while incarcerated. (*See* ECF No. 165, PageID.1229–1230.) Under the Sentencing Commission's policy statement, "rehabilitation of the

11

defendant is not, by itself, an extraordinary and compelling reason." U.S.S.G. § 1B1.13(d) (citing 28 U.S.C. § 994(t)). However, "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.*

As relevant here, Defendant notes that he has had no discipline while incarcerated, has completed several classes, and has worked in food service. (ECF No. 165, PageID.1230; *see also* ECF No. 170-2, PageID.1259–1260.) The Court commends Defendant for his record while serving his sentence. However, in light of the deficiencies in Defendant's motion discussed above, Defendant's rehabilitation does support a finding of extraordinary and compelling circumstances at this time.

Accordingly, the Court concludes that Defendant has not demonstrated extraordinary and compelling reasons for compassionate release or a reduction in his sentence based on his medical circumstances, familial circumstances, rehabilitation, or any combination thereof. As such, the Court need not address the § 3553(a) factors. *See Elias*, 984 F.3d at 519.

## IV. Conclusion

For the reasons set forth above, the Court DENIES Defendant's motion for compassionate release or a reduction of his sentence. (ECF No. 165.)

IT IS SO ORDERED.

Dated: December 15, 2023       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 15, 2023.

     s/William Barkholz
     WILLIAM BARKHOLZ
     Case Manager